IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILLIP HAROLD HORSWELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>Defendant. | Case No. 19-cv-00344-DKW-WRP<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On July 1, 2019, Phillip Harold Horswell, proceeding pro se, filed a "Request for an immediate emergency Hearing" against the State of Minnesota. Dkt. No. 1. Horswell also filed a "Request for an Order for Transportation," Dkt. No. 4, a "Request for a change in venue," Dkt. No. 5, an application to proceed *in forma pauperis*, Dkt. No. 6, and a "Request for Boarding and Lodging," Dkt. No. 7.

As is quickly evident from reviewing the foregoing documents, this case is brought by an individual located in the State of Minnesota, against the State of Minnesota, challenging a statute of the State of Minnesota. Nonetheless, the documents have been filed in the District of Hawaiʻi. Because Horswell provides no adequate explanation for why this is so, venue is improper in Hawaiʻi.

Moreover, because it is apparent that this case was brought in Hawai'i in bad faith, the Court declines to transfer venue and DISMISSES this action without prejudice.

## **DISCUSSION**

Because Horswell has filed an application to proceed *in forma pauperis*, the Court screens the case pursuant to Section 1915 of Title 28, and must dismiss the same if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

With respect to venue, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) if no district is otherwise available, any district over which any defendant is subject to the court's personal jurisdiction. *Id*. § 1391(b). When a case is brought in the wrong district, a court must dismiss the case or, if it is in the interest of justice, transfer the case to a proper district. *Id*. § 1406(a). The Ninth Circuit Court of Appeals has explained that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Market Quest*

*Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (addressing Section 1631 of Title 28).

Here, Horswell has not filed a formal complaint. Of the documents mentioned above, the closest to a complaint is the "Request for an immediate emergency Hearing" ("the first request"), Dkt. No. 1. Therein, Horswell asks for an emergency hearing "to determine the constitutionality of the State of Minnesota's Chapter 253B…." *Id.* at 1. Horswell states that people have been confined due to the illegality of Chapter 253B.[1] Although a defendant is not named in the first request, in Horswell's application to proceed *in forma pauperis*, he identifies the State of Minnesota as the defendant in this action. *See* Dkt. No. 6 at 1.

In this light, venue is clearly wrong in the District of Hawaiʻi. The State of Minnesota does not reside in this District, and none of the events–which are presumably the commitment of individuals pursuant to Chapter 253B or perhaps the passage of Chapter 253B itself–took place in this District. Instead, the District of Minnesota is the proper venue for this action.

---

[1] Chapter 253B of the Minnesota Statutes, or the "Minnesota Commitment and Treatment Act," appears to concern the civil commitment of persons with a mental illness. *See generally* Minn. Stat. § 253B *et seq.*

In another document filed in this case, Horswell makes a "[r]equest for a change in venue" ("the second request"), Dkt. No. 5.² Therein, Horswell states that grounds for venue in Hawaiʻi are that this District is "neutral" and the U.S. District Court for the District of Minnesota is "corrupt." *Id*. at 1. Those statements are without any explanation or support and, thus, the Court gives them no weight. As such, Horswell provides no adequate explanation for why venue is proper in Hawaiʻi.³

Moreover, in light of the unexplained and unsupported nature of Horswell's assertions, the clear frivolous nature of bringing this action in the District of

---

²The request to *change* venue is inaccurate given that Horswell has already initiated this action in Hawaiʻi, and thus, there is no need to change venue to Hawaiʻi. Put another way, to the extent Horswell wanted to *change* venue from Minnesota, he should have filed the second request in the District of Minnesota. *See* 28 U.S.C. § 1404(a) (providing that a district court may transfer an action *to* any other district in which it could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice…."). As such, the Court construes the second request as providing an explanation for why Horswell has attempted to lay venue in this District and/or why venue is proper here.

³Although Horswell's assertion of "corrupt[ion]" is entirely unexplained and unsupported and, thus, not worthy of much further review, the Court notes that, attached to the first request, is a Report and Recommendation from a Magistrate Judge of the District of Minnesota in a proceeding involving Horswell and the State of Minnesota. Dkt. No. 1-1. In the Report and Recommendation, the Magistrate Judge recommended dismissing without prejudice the action brought by Horswell because he failed to exhaust state remedies in challenging a revocation that resulted in Horswell's return to civil commitment. *Id*. That recommendation was subsequently adopted, resulting in the dismissal without prejudice of Horswell's action. *See Horswell v. Minnesota*, 2018 WL 3650156, at *1 (D. Minn. Aug. 1, 2018). To the extent Horswell attempts to suggest that the District of Minnesota is "corrupt" because his action before that district was dismissed without prejudice, that is not corruption. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Finally, even if his assertions were true, Horswell offers no explanation for why Hawaiʻi is the appropriate venue for this action, even if Minnesota was not.

4

Hawaiʻi, and the result of the proceeding Horswell did bring in the District of Minnesota, it is apparent to the Court that this action was brought in bad faith. As a result, the Court declines to transfer this action, and, instead, DISMISSES it WITHOUT PREJUDICE for improper venue pursuant to Section 1406. Further, all of the pending requests for relief, Dkt Nos. 3-7, are DENIED. The Clerk is directed to close this case.

    IT IS SO ORDERED.

    Dated: July 29, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Phillip Harold Horswell v. State of Minnesota*; Civil No. 19-00344 DKW-WRP; **ORDER DISMISSING CASE WITHOUT PREJUDICE**